# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| FILIBERTO ROBLES ALVARADO, § | | |
| *et al.*, § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-2113 | |
| § | | |
| SHIPLEY DONUT FLOUR & SUPPLY § | | |
| CO., INC., § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motion for Leave to File Second Amended Complaint ("Motion to Amend") [Doc. # 40], and the Amended Motion for Leave to Amend ("Amended Motion") [Doc. # 41]. The Amended Motion, filed the same day as the Motion to Amend, was filed because the Motion to Amend did not include a Certificate of Conference. In each motion, Plaintiffs seek primarily to amend their complaint to add a claim under the Fair Labor Standards Act ("FLSA").[1] Defendant has filed its Response [Doc. # 42], arguing that the Motion to Amend should be stricken because it does not contain a Certificate of Conference and that the Amended Motion is untimely. The Motions, filed November 1, 2006, are **granted**.

---

[1]     Plaintiffs also seek to "clarify some of the allegations and the relief sought upon final judgment in this case." *See* Amended Motion [Doc. # 41], ¶ 4.

Plaintiffs' Motion to Amend [Doc. # 40] was sent to Defendant's counsel on October 31, 2006, the deadline for amendments to pleadings. The Motion to Amend and the Amended Motion, however, were both entered on the Court's docket by Plaintiffs' counsel through the Electronic Case Filing system ("ECF") on November 1, 2006, after the October 31, 2006 amendments deadline.

Leave to amend after the deadlines granted in the court's scheduling order is guided by Rule 16 of the Federal Rules of Civil Procedure. "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.' The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990))). The Fifth Circuit explained: "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend;  (2) the importance of the amendment;  (3) potential prejudice in

allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 546 (citing *S & W Enters.*, 315 F.3d at 535).

Plaintiffs' explanation for the failure to file a timely motion weighs in favor of permitting the amendment. Plaintiffs' counsel asserts that the facts supporting the FLSA claim were revealed during recent discovery. Additionally, the ECF system reflects that the Motion to Amend was filed at 1:17 a.m. on November 1, 2006, slightly more than an hour after the October 31, 2006 deadline for amendments to pleadings. The Amended Motion to Amend was filed at 12:30 p.m. that same day.

The amendment is important to Plaintiffs who now believe they have a FLSA claim against Defendant. The amendment is also important to principles of judicial economy. If Plaintiffs are not permitted to amend their Complaint in this case, they would be entitled to file a separate lawsuit asserting their FLSA claims, requiring additional service of process and an additional pretrial and scheduling conference.

Defendant argues that it will be prejudiced by the amendment because it has already engaged in significant written discovery and has already deposed several of the fifteen Plaintiffs. Although Defendant will be prejudiced by having to conduct discovery regarding the FLSA claim, that prejudice is no greater than it would be if the amendment were denied and Plaintiffs were required to file a separate lawsuit asserting their FLSA claim. The discovery deadline is not until June 15, 2007, and motions are

not due until July 16, 2007. This is an adequate opportunity for Defendant to conduct any discovery, including additional discovery required by the addition of the FLSA claims.

Defendant also notes that the Court has ordered the parties to engage in mediation by January 31, 2007. The Court generally allows parties to conduct mediation at any time prior to the case's docket call, and the Court will extend the mediation deadline in this case to cure this prejudice resulting from the amendment.

The Court finds good cause for granting the Motion to Amend and the Amended Motion, filed hours after the deadline for amendments to pleadings. Pursuant to 29 U.S.C. § 256, however, the claim will be deemed filed on the date this Memorandum and Order is entered. Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Amend [Doc. # 40] and Amended Motion [Doc. # 41] are **GRANTED**. Plaintiffs' counsel is directed to file the Second Amended Complaint, currently an attachment to the motions, as a separate docket entry.

SIGNED at Houston, Texas, this **17th** day of **November, 2006**.

_____
Nancy F. Atlas
United States District Judge