IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FILIBERTO ROBLES ALVARADO, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-06-2113 |
| SHIPLEY DONUT FLOUR & SUPPLY CO., INC., d/b/a SHIPLEY DO-NUTS, | § § § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Defendant has filed a Conditional Motion for Separate Trials [Doc. # 71]. Because the Court denied in part and granted in part Defendant's Motion for Partial Summary Judgment [Doc. # 78], *see* Memorandum and Order [Doc. # 108], this conditional motion is now before the Court. Plaintiffs have responded [Doc. # 109]. Having considered the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that the Motion should be **denied**.

Rule 42(b) states that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." FED. R. CIV. P. 42(b). "Separation

of issues, however, is not the usual course that should be followed." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th Cir. 1993) (citing *Alabama v. Blue Bird Body Co.*, 573 F.2d 309, 318 (5th Cir. 1978); *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323-24 (5th Cir. 1976)). Instead, for separate trials to be ordered, "the issue to be tried must be so distinct and separate from the others that a trial of it alone may be had without injustice." *Id*. at 305 (internal citations and quotation marks omitted). The Fifth Circuit explained a pragmatic reason for the rule: "if two juries were allowed to pass on an issue involving the same factual and legal elements, the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results." *Id*.

Defendant urges two grounds[1] for separate trials. First, Defendant argues that a joint trial will prejudice Defendant because Plaintiffs' assault allegations are "inflammatory and idiosyncratic," and "[t]heir prejudicial effect cannot be contained to the allegedly-affected Plaintiff with a limiting instruction by the Court." Motion, at 2. Defendant's argument relies on the fact that the twelve Plaintiffs each allege assaultive behavior, and some allegations are made by more than one Plaintiff, but all allegations are not common to all Plaintiffs. For example, according to Defendant, only

---

[1] A third ground urged by Defendant is relevant only to Plaintiffs' negligence claims, which have been abandoned.

one Plaintiff (Winger Ramos Custodio) alleges threatening behavior by a member of the Shipley family; only two Plaintiffs (Jose Angel Maldonado and Winger Ramos Custodio) make allegations regarding assault by supervisor Jimmy Rivera with a sex toy; only two Plaintiffs (Pedro Paz Estrada and Winger Ramos Custodio) allege they were forced by Rivera to wash a dirty sex toy; only five Plaintiffs (Feliciano Curiel Gil, Oscar Espinosa Flores, Gerardo Guzman Castro, Jose Angel Maldonado, Miguel Angel Paz) allege that Rivera threatened them with a gun. Motion, at 3-5.

Defendant's argument is unavailing. The twelve Plaintiffs' claims, though varying slightly from each other, involve the same set of events, the same time frame, and largely the same witnesses and evidence. If each Plaintiff tried his claims separately, the different juries would "pass on an issue involving the same factual and legal elements, [and] the verdicts rendered by those juries could be inconsistent, producing intolerably anomalous results." *See McDaniel*, 987 F.2d at 305.

Second, Defendant argues that Plaintiffs' statutory claims of discrimination and retaliation should be tried separately from their assault and battery claims[2] because the "incompatible evidentiary standards for the statutory and common law claims will create confusion and chaos at trial which could not be cured with limiting instructions

---

[2] Defendant's Motion argues that the statutory claims should be tried separately from all tort claims, but Plaintiffs now have abandoned all tort claims except assault and battery.

even if the claims of only one plaintiff were involved." Motion, at 8. The Court frequently gives, and jurors are capable of following, jury instructions laying out different evidentiary standards for different claims in the same trial. The presence of statutory and common law claims in the same case does not warrant separate trials.

The Court declines to grant separate trials in this case. There is no reason to put the parties and the Court to such an unwarranted expense.

For all of the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion for Separate Trials [Doc. # 71] is **DENIED**.

SIGNED at Houston, Texas, this **21st** day of **December, 2007**.

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge